IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:21-cv-03277

JACOB L. SWEET,

 Plaintiff,

v.

WAKEFIELD & ASSOCIATES, LLC,

 Defendant.

# COMPLAINT

NOW comes JACOB L. SWEET ("Plaintiff"), by and through the undersigned, complaining as to the conduct of WAKEFIELD & ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the District of Colorado.

### PARTIES

1

4. Plaintiff is a consumer, over 18 years-of-age, residing in Castle Rock, Colorado, which lies within the District of Colorado.

5. Defendant is a third party debt collector that collects or attempts to collect debts from consumers across the country, including debts related to healthcare, property management, and the general financial services industries. Defendant is a limited liability company organized under the laws of the state of Colorado with its principal place of business located at 10800 East Bethany Drive, Suite 450, Aurora, Colorado.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a medical debt ("subject debt") said to be owed by Plaintiff.

8. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and eventually placed with Defendant for collection purposes.

9. Defendant's collection efforts directed towards Plaintiff primarily involved the placing of phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

10. In approximately July 2021, Plaintiff entered into an arrangement with Defendant where Plaintiff agreed to make monthly payments of $125 to pay down the subject debt.

11. After making several payments, Plaintiff suffered further financial difficulty and defaulted on the settlement agreement with Defendant.

12. As a result, Defendant started again calling Plaintiff's cellular phone seeking collection of the subject debt.

13. Upon speaking with Defendant, Plaintiff informed it of his financial difficulties and advised that he could make a $50 payment in connection with the subject debt.

14. Plaintiff was adamant that Defendant was to only charge his credit card $50, and Defendant represented that it would only charge his credit card $50.

15. Plaintiff then provided his billing information to Defendant.

16. However, contrary to its representations and Plaintiff's demands, Defendant instead charged Plaintiff's credit card $125, rather than the $50 he agreed to.

17. Defendant therefore deceptively and unfairly used Plaintiff's provided billing information to extract an unauthorized sum of money from Plaintiff.

18. Frustrated over Defendant's conduct in saddling Plaintiff with unauthorized charges, Plaintiff spoke with the undersigned regarding his rights, resulting in expending time and resources.

19. Plaintiff has been misled and treated unfairly by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to pecuniary harm stemming from Defendant's unauthorized charges, frustration, aggravation, emotional distress, confusion, being lied to, and further violations of his federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant is similarly a business whose principal purpose if the collection of debts.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated §1692d when it harassingly subjected Plaintiff to a $125 charge without authorization. Such amount was not authorized by Plaintiff, and subjecting a consumer to unauthorized charges in connection with its efforts to collect upon the subject debt is inherently conduct which would have the natural consequence of oppressing Plaintiff – and did in fact harass and oppress Plaintiff.

### b. Violations of the FDCPA, § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

4

30. Defendant violated §§ 1692e and e(10) when it deceptively and misleadingly charged Plaintiff $125 in connection with the subject debt. Plaintiff agreed to make a $50 payment, and Defendant agreed to charge Plaintiff $50, yet Defendant nevertheless deceptively and misleadingly caused Plaintiff to be subjected to an unauthorized charge. It was both deceptive and misleading for Defendant to charge such amounts, as well as to represent that it would only charge $50 – as such representation compelled Plaintiff to provide the billing information which Defendant subsequently used to charge Plaintiff more than what was agreed.

   c. **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably charged Plaintiff more than he agreed to pay on the subject debt.

WHEREFORE, Plaintiff JACOB L. SWEET, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff regarding the subject consumer debt; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 8, 2021                          Respectfully submitted,

s/ Nathan C. Volheim                             s/Eric D. Coleman
*Nathan C. Volheim*                              *Eric D. Coleman*
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                         ecoleman@sulaimanlaw.com
Attorney for Plaintiff                           Attorney for Plaintiff